UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALL TESTS CLINICAL SOLUTIONS LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> HYPER STRATEGIES INC., <br><br> *Defendant.* | Civil No.: 23-cv-00314(KSH)(JBC) <br><br><br> **ORDER** |

    WHEREAS, this breach of contract declaratory judgment action has come before the Court on the motion of plaintiff All Tests Clinical Solutions LLC ("All Tests") seeking default judgment against defendant Hyper Strategies Inc. ("Hyper Strategies") (D.E. 26); and

    WHEREAS, to grant default judgment, the Court must be satisfied that, *inter alia*, the party seeking judgment presented "a legitimate cause of action," *see, e.g.*, *Trs. of Int'l Union of Painters v. Leo Consulting, LLC*, 718 F. Supp. 3d 436, 441 (D.N.J. 2024) (Bumb, C.J.) (citations omitted); and

    WHEREAS, in determining whether an entry of default judgment is appropriate, "courts must accept as true only the complaint's factual allegations, not allegations on damages," *id.* (citing *PPG Indus. Inc. v. Jiangsu Tie Mao Glass Co.*, 47 F.4th 156, 161 (3d Cir. 2022)); and

    WHEREAS, on a breach of contract claim, a plaintiff must establish: "(1) the existence of a valid contract; (2) performance by the non-breaching party; (3) defendant breached the agreement; and (4) damages," *id.* at 443 (citing *Goldfarb v. Solimine*, 245 N.J. 326, 338-39 (2021)); and

    WHEREAS, "a plaintiff must prove the amount of damages with certainty," by submitting "detailed affidavits or documentary evidence that would allow the Court to determine

a sum certain with respect to damages," *MicroBilt Corp. v. Bail Integrity Sols., Inc.*, 2024 WL 2301370, at *10 (D.N.J. May 21, 2024) (Kirsch, J.) (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)); and

WHEREAS, All Tests asserts it reviewed "the contracts and terms of dealing between the parties" and that "the fair and accurate measure of damages is lost profit and costs incurred which amount equals the deposit received from Hyper Strategies" of $93,750.00. (D.E. 26-1 ¶ 42; *see* D.E. 26-2 at 5-6.) All Tests has not backed up the foregoing conclusory statement about its lost profits or costs incurred due to the alleged breach with documentary evidence[1] and therefore the Court is unable to determine whether All Tests' requested amount of $93,750.00 is an appropriate measure of damages,

**NOW, THEREFORE, IT IS,** on this 7th day of November, 2024,

**ORDERED** that All Tests' motion for default judgment is DENIED WITHOUT PREJUDICE; and it is further

**ORDERED** that All Tests may file a renewed motion for default judgment within 21 days, which motion shall be properly supported and address the matters identified herein.[2]

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.

---

[1] It is also noted that All Tests has not attached a copy of Hyper Strategies' January 19, 2022, purchase order to its present motion.

[2] Any renewed motion should address whether the Court has personal jurisdiction over Hyper Strategies arising out of the parties' contract, as All Tests has pleaded Hyper Strategies' principal place of business is in Alberta, Canada. (D.E. 26-1 ¶¶ 9, 39.)